The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | ELECTRONICALLY FILED |
| Morgan Barnes, | : | NO.: |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| vs. | : | Civil Action Law: |
| | : | |
| Davis R. Chant Associates, Inc. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

**AND NOW,** come the Plaintiff, Morgan Barnes, by and through her attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Davis R. Chant Associates, Inc. (hereinafter "Defendant"), her former employer, for unlawful Title VII pregnancy-based disability discrimination, particularly, the Defendant's conduct, described herein, violated The Pregnancy Discrimination Act of 1978 amendments to Title VII, violations of the Pennsylvania Human Relations Act (hereinafter PHRA), and violations of other applicable laws.

## II. PARTIES

2.      Plaintiff is an adult and competent individual residing at 56 Beech Street, Bethany, PA 18431.

3.      Defendant, Davis R. Chant Associates, Inc. is a domestic business corporation authorized to do business in the state of Pennsylvania, with offices located at 2438 US-6, Hawley, PA 18428.

## III. JURISDICTION

4.      Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.      Defendant is an "employer" within the meaning of the Pennsylvania Human Relations Act (PHRA) having employed four (4) or more persons at all times relevant hereto.

6.      Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.      Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

8.      This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

9.      Plaintiff has exhausted her administrative remedies, having received an EEOC Dismissal and Notice of Rights on May 18, 2026, and attached hereto as **Exhibit A**, and a year

or more has passed since her PHRC filing.

## IV. FACTUAL BACKGROUND

10.    Plaintiff was employed with the defendant as a full-time social media coordinator in November of 2022.

11.    In April of 2024, plaintiff disclosed to defendant that she was pregnant.

12.    On December 15, 2024, plaintiff informed defendant she was going to begin maternity leave.

13.    On December 15, 2024, the same day that plaintiff informed defendant she was going to begin maternity leave, respondent informed complainant that they were eliminating the position of "social media coordinator".

14.    On December 23, 2024, plaintiff gave birth to her child.

15.    During plaintiff's maternity leave, defendant's social media platforms were still active, and being posted on.

16.    On January 17, 2025, plaintiff received an official termination letter from defendant.

## COUNT I
## TITLE VII GENDER BASED
## PREGNANCY DISCRIMINATION

17.    Plaintiff incorporates herein by reference paragraphs 1 through 16 above as if the same were set forth fully herein and at length.

18.    Title VII prohibits an employer from "discriminat[ing]" against an employee "because of such individuals…sex." 42 U.S.C. § 200e-2(a)(1).

19.     The Pregnancy Discrimination Act amendments to Title VII of the Federal Civil Rights Act prohibit discrimination "because of or on the basis of pregnancy, [or] childbirth." 42 U.S.C. § 2000e(k).

20.     The defendant knew in April of 2024 that the plaintiff was pregnant because plaintiff told the employer she was pregnant.

21.     The plaintiff was at all times relevant hereto qualified for the position of social media coordinator, having performed full-time in that position for over two years at the time of her termination.

22.     On December 15, 2024, the same day plaintiff was to begin her maternity leave, defendant discussed with plaintiff eliminating the position of social media coordinator, although defendant's social media platforms were still active at the time, and thereafter.

23.     On January 17, 2025, plaintiff was officially terminated based on her pregnancy, and need for maternity leave.

24.     As set forth above the facts demonstrate that the plaintiff's termination bore a direct nexus to her pregnancy, evidenced by the temporal proximity of the decision to eliminate the position of "social media coordinator" to the commencement of plaintiff's maternity leave, and the termination of plaintiff's employment to the birth of plaintiff's child.

Wherefore, complainant seeks damages as set forth in the ad damnum clause below.

**COUNT II**
**TITLE VII GENDER BASED**
**PREGNANCY DISCRIMINATION**
**RETALIATION**

25.     Paragraphs 1 through 24 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

26.    As indicated above, plaintiff was at all times relevant hereto pregnant, and the respondent was at all times relevant hereto aware of plaintiff's pregnancy.

27.    Plaintiff was engaged in protected activity when she disclosed her pregnancy to her employer and requested maternity leave.

28.    Defendant retaliated against plaintiff for engaging in protected activity when defendant discussed with plaintiff eliminating her position as social media coordinator on the same day her maternity leave was to begin.

29.    Defendant further retaliated against plaintiff for engaging in protected activity when defendant terminated plaintiff's employment.

30.    Defendant did not provide, nor did defendant have a legitimate, non-discriminatory reason for terminating complainant's employment.

31.    As a result of the defendant's unlawful discrimination, plaintiff seeks damages as set forth in the ad damnum clause below.

Wherefore, plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT VI
## PENNSYLVANIA HUMAN RELATIONS ACT

32.    Paragraphs 1 through 31 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

33.    The forgoing conduct by the defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

34.    As a result of the defendant's unlawful discrimination, plaintiff has suffered damages as set forth in the ad damnum clause below.

Wherefore, plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, plaintiff prays that judgment be entered in her favor as follows:

a.    The defendant be permanently enjoined form permitting pregnancy-based gender discrimination against the plaintiff;

b.    The defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting pregnancy-based gender discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.    The defendant is to be permanently enjoined from retaliating against potential witnesses;

d.    Defendant is to compensate plaintiff, reimburse plaintiff, and make her whole for any and all pay and benefits she would have received had it not been for defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

e.    Plaintiff is to be awarded damages for emotional distress caused by defendant's actions;

f.    Plaintiff is to be awarded actual damages caused to her by defendant's actions;

g.    Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter defendant or any other employees from engaging in such misconduct in the future;

h.    Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

6

I.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable State and Federal law; and

j.      Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure defendant does not engage in further, or ceases engaging in, illegal retaliation against defendant or other witnesses to this action.

Respectfully submitted,
THE HANCHULAK LAW OFFICES, P.C.

By:  s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.
Attorney ID PA 56320
Attorney for Plaintiff

345 Wyoming Avenue, Suite 205
Scranton, PA 18503
(570) 319-6642
ghanchulak@hanchulaklaw.com

7