**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MORGAN BARNES, | |
| Plaintiff, | CIVIL ACTION NO. 3:26-cv-02123 |
| v. | (SAPORITO, J.) |
| DAVIS R. CHANT ASSOCIATES, INC., | |
| Defendant. | |

# MEMORANDUM

In this employment discrimination case, the plaintiff asserts that her former employer subjected her to pregnancy-related discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 43 U.S.C. § 2000e(k), and in violation of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.*

This matter now comes before the court on the defendant's motion to dismiss. Doc. 4. The defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that it did not meet the minimum threshold number of employees for Title VII to apply to it. *See generally* 42 U.S.C. § 2000e(b) (defining an "employer"

under Title VII as a person or entity "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"); *Komorowski v. Townline Mini-Mart & Restaurant*, 162 F.3d 962, 965 (7th Cir. 1998) ("Courts consistently have held that the phrase 'current calendar year' refers to the year in which the alleged discrimination occurred."); *O'Toole v. Tofutti Brands, Inc.*, 203 F. Supp. 3d 458, 465 (D.N.J. 2016) (citing *Komorowski*, 162 F.3d at 965).

Although originally brought under Fed. R. Civ. P. 12(b)(6), the defendant's motion does not rely on the allegations of the complaint. Instead, it relies on an affidavit by the company's president stating that it had no more than ten employees at any time during calendar years 2025 or 2026.[1] *See* Doc. 4, at 4. In response, the plaintiff has pointed to additional materials outside the pleadings to argue that Davis R. Chant Associates, Inc., is one of six similarly named and allegedly commonly owned companies that may be treated as a single, integrated enterprise for Title VII purposes. *See generally DeLa Cruz v. Piccari Press*, 521 F.

[1] The affidavit, however, does not provide any information regarding 2024, the "preceding calendar year" under the statute.

Supp. 2d 424, 429–31 (E.D. Pa. 2007). The plaintiff further notes that the company's website boasts more than ninety real estate agents and suggests that, even if many of these real estate agents are independent contractors, some number may qualify as employees as well for Title VII purposes. *But see generally Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 720–23 (W.D. Pa. 2003) (applying common-law test of agency and finding that real estate agents were independent contractors rather than employees); *Stetka v. Hunt Real Estate Corp.*, 859 F. Supp. 661, 667 (W.D.N.Y. 1994) (same).

In her brief in opposition, the plaintiff has further requested that the court convert the defendant's motion to dismiss into a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d). By separate letter, the defendant has echoed this request to convert the motion, further requesting that we stay any ruling on the motion and permit the parties to submit supplemental briefs after completing discovery into the issue of how many employees can be attributed to the defendant.

We decline the parties' invitation to craft a bespoke set of procedures for this case. In our view, this case can be adequately prosecuted under the federal rules as written. Thus, we have excluded

from our consideration all materials outside the pleadings. *See* Fed. R. Civ. P. 12(d).

Viewing the allegations of the complaint in the light most favorable to the non-moving plaintiff, we find that the plaintiff has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the threshold number of employees required for the defendant to be subject to Title VII liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) ("[A] court must consider no more than whether the complaint establishes enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the cause of action." (internal quotation marks omitted)). Accordingly, the motion will be denied without prejudice to any later motion for summary judgment based on the evidence adduced by the parties through the exchange of discovery.

An appropriate order follows.

Dated: October 20, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge